Before STATE INDUSTRIAL BOARD, Respondent.

FRANK GIBSON, Respondent, *v.* NEW CROWN MARKET and Another, Appellants.

Third Department, March 5, 1924.

**Workmen's compensation — employee in meat market injured while going to market from home after having taken order for meat on way — employee complied with instructions of employer in securing order and in manner of traveling — injury arose out of and in course of employment.**

An injury received by an employee in a meat market while riding in an automobile owned and operated by a third person in going from his home to the meat market after having taken an order for meat on the way, arose out of and in the course of his employment, where it appears that the order for meat was taken pursuant to the directions of the employer and that the employee violated no instructions of the employer in using the means of conveyance adopted.

APPEAL by the defendants, New Crown Market and another, from an award of the State Industrial Board, entered in the office of said Board on the 16th day of March, 1923, and also from a decision of said Board, made on the 22d day of August, 1923, confirming said award.

*Grattan B. Shults* [*Jeremiah F. Connor* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J.:

The claimant was an outside worker as well as an inside worker. He was employed as a butcher in a meat market but it was one of his regular duties to do some outside work in obtaining certain orders for meat from customers and in making certain deliveries. In accordance with his usual custom and instructions, he had been obtaining an order before going to his place of business one morning and while on his way to the market he was injured in an automobile collision. No question is raised as to the accident and injury but the point is made that he was not in the course of his employment. He lived at Tarrytown and his employer furnished him with a commutation ticket on the train to get back and forth night and morning between his home and the market, which was located at Yonkers. It had been his regular duty on Monday morning of each week to obtain a particular order on one of the Rockefeller estates near Tarrytown for a week's supply of meat. The obtaining

of this order interfered with his taking his usual train which reached Yonkers in time for him to begin his work at seven-thirty. If he waited for another train after obtaining the order, he would not get to work until after half-past eight. It had been understood by him and his employer that on Monday mornings in order to facilitate his getting the order and his arriving at the market on time, he was to use an automobile to get the order and to journey to the employer's market at Yonkers. It was usual for claimant to use his own automobile but there had been times when that was not in condition to use and at times he had used his employer's automobile. He violated no instructions in using any means of conveyance when his own car was out of order. In fact the employer testified that he expected him to use " any car." On the morning in question claimant's car was not in good running condition and after having obtained the order he returned to his home where he left his own car and rode in one owned and operated by his brother-in-law. While so doing he was injured.

The contention of the appellant is concisely stated in the brief of its counsel as follows: " The insurance carrier contends that the claimant was injured while on his way to the place where he was to render service and that under the authorities such an injury does not arise out of the employment and is not connected therewith in any way. This rule ought not to be changed to fit this particular case merely because the employee on Monday morning took a single order before starting from his home to his place of employment. But even if this circumstance did make any change in the situation, appellant respectfully contends that the claimant is barred from the benefits of the Compensation Law because his injury was received, not only while he was on his way from his home to his work, but also because he was taking a ride in a car owned and operated by a third person."

Claimant violated no instructions but was reasonably carrying out the instructions of his employer. He was injured after his day's work had begun and while doing something in the interest of his employer. The character of his work at the time was that of an outside worker. If he was doing something within the scope of his employment or reasonably incident thereto, he is entitled to recover even though he performed his duty in a faulty way. But here the employer has testified that claimant was not required to use his own car. He could use any car. So there was no violation of instructions in the use of the brother-in-law's car. Being an outside worker and being engaged that morning in doing his outside work, the many cases cited by appellants which relate to workers at the plant have no application. Those cases relate

to the status of inside workers who are injured while going to and from the plant. Their work for the day does not begin until they reach the plant and their work ceases after they leave the plant. The outside workers are in a different category. Their work involves exposure to the perils of the street. This applies to traveling salesmen, chauffeurs, messengers, collectors and others, whose duties require them to travel the streets and highways and to incur the hazards of transportation. The mere fact that claimant was also an inside worker and that at the time of his injury he was on his way to the market to undertake his work there as a butcher, did not preclude his recovery. His work for this day had begun in his capacity of outside salesman or route man. In that capacity he continued on duty for his employer while accomplishing the special mission assigned to him. The order obtained by him was of no value to his employer until and unless he carried it to his employer's place of business. Therefore, he was in the course of his employment at the time of his accident and the accident arose out of his employment.

The award should be affirmed, with costs in favor of the State Industrial Board.

Award unanimously affirmed, with costs in favor of the State Industrial Board.